IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nicole C. Cruz<br>        Debtor | CHAPTER 13 |
| MidFirst Bank<br>        Movant<br>vs. | NO. 14-18833 JKF |
| Nicole C. Cruz<br>        Debtor | |
| William C. Miller Esq.<br>        Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$974.24**, which breaks down as follows;

| | |
|---|---|
| Hazard Insurance: | $974.24 |
| **Total Post-Petition Arrears** | **$974.24** |

2. The Debtor shall cure said arrearages in the following manner;

    a). Beginning on October 5, 2018 and continuing through December 5, 2019, until the arrearages are cured, Debtor shall pay an installment payment of **$64.95 from October 2018 to November 2019 and $64.94 for December 2019** towards the arrearages on or before the last day of each month at the address below:

**MidFirst Bank**
999 Northwest Grand Boulevard
Oklahoma City, OK 73118

    b). Debtor is directly responsible for all property taxes and home insurance on an ongoing basis.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.

If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 12, 2018

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 9/14/18

Georgette Miller, Esquire
Attorney for Debtor

Date: 9/17/2018

/s/ Polly A. Langdon, Esquire for
William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. Fitzsimon