United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Nicole C. Cruz  
    Debtor

Case No. 14-18833-amc  
Chapter 13

## CERTIFICATE OF NOTICE

| | | | |
|---|---|---|---|
| District/off: 0313-2 | User: PaulP | Page 1 of 1 | Date Rcvd: Jul 29, 2020 |
| | Form ID: 3180W | Total Noticed: 10 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 31, 2020.
```
db             +Nicole C. Cruz,    4311 North Fairhill Street,    Philadelphia, PA 19140-2305
13708643       +MidFirst Bank,    999 NW Grand Blvd. Suite 100,    Oklahoma City, OK 73118-6051
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Jul 30 2020 04:46:49     City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 30 2020 04:46:30
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 30 2020 04:46:41     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13431522        EDI: GMACFS.COM Jul 30 2020 08:33:00      Ally Bank serviced by Ally Servicing LLC,
                 PO Box 130424,    Roseville, MN 55113-0004
13453955        EDI: AIS.COM Jul 30 2020 08:33:00      American InfoSource LP as agent for,
                 T Mobile/T-Mobile USA Inc,   PO Box 248848,   Oklahoma City, OK  73124-8848
13467714        EDI: AIS.COM Jul 30 2020 08:33:00      American InfoSource LP as agent for,   Verizon,
                 PO Box 248838,   Oklahoma City, OK  73124-8838
13495815        E-mail/Text: megan.harper@phila.gov Jul 30 2020 04:46:50     City of Philadelphia,
                 Law Department Tax Unit,   Bankruptcy Group, MSB,   1401 John F. Kennedy Blvd., 5th Floor,
                 Philadelphia, PA  19102-1595
13485324        EDI: PRA.COM Jul 30 2020 08:33:00      Portfolio Recovery Associates, LLC,   POB 41067,
                 Norfolk VA 23541
                                                                                               TOTAL: 8

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13908612*     ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
               (address filed with court:   Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk, VA 23541)
                                                                                  TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 31, 2020                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 29, 2020 at the address(es) listed below:
```
              GEORGETTE MILLER    on behalf of Debtor Nicole C. Cruz mlee@margolisedelstein.com,
               georgettemillerlaw@gmail.com;jcarlson@margolisedelstein.com;gmecfmail@gmail.com;smithcr50524@noti
               fy.bestcase.com;millergr50524@notify.bestcase.com;dmayberry@georgettemillerlaw.com
              JASON BRETT SCHWARTZ    on behalf of Creditor   Portfolio Recovery Associates, LLC
               jschwartz@mesterschwartz.com
              JOSHUA I. GOLDMAN    on behalf of Creditor    MidFirst Bank Josh.Goldman@padgettlawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com
              POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com
              REBECCA ANN SOLARZ    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com
              REGINA COHEN    on behalf of Creditor    Ally Financial rcohen@lavin-law.com,
               ksweeney@lavin-law.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
              THOMAS I. PULEO    on behalf of Creditor    MidFirst Bank tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 10
```

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Nicole C. Cruz** | Social Security number or ITIN  **xxx–xx–7469** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **14–18833–amc** | |

# Order of Discharge                                                                                                                   12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Nicole C. Cruz

7/29/20                                                                  **By the court:**     Ashely M. Chan
                                                                                                United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**